Filed 3/29/24  P. v. Rogers CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080419 |
| v. | (Super.Ct.No. RIF100702) |
| MELISSA SUE ROGERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Lynne McGinnis and Laura Baggett, Deputy Attorney Generals, for Plaintiff and Respondent.

Defendant and appellant Melissa Sue Rogers petitioned the trial court for resentencing on her first degree murder conviction due to defendant not being the actual killer. (Pen. Code, § 1172.6.)[1]  In a prior opinion, this court reversed the trial court's denial of defendant's petition.  On remand, the trial court again denied defendant's petition.  Defendant contends the trial court erred.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

A.      <u>CRIMES AND CONFESSION</u>

Defendant, Anthony Brown (Brown), and J.H.[2] planned to steal money from a 99 Cent Store.  In November 2001, the three entered the store.  Defendant carried a sawed-off shotgun.  Defendant pointed the shotgun at the victim, who worked at the store.  After Brown took money from the victim, he directed defendant to "slit [the victim's] throat, because [the victim] would be able to identify them."  Defendant slashed the victim's throat "[f]rom ear to ear" with a steak knife, but he did not immediately die.  Rather, the victim fought Brown, who then stabbed the victim and ordered defendant to shoot the victim.  Defendant walked over to the victim, pointed the shotgun at him, and pulled the trigger, but the gun did not fire.  Brown took the shotgun from defendant and shot the victim's chest, killing the victim.  Defendant confessed to the police that she aided in murdering the victim.

---

[1]  All subsequent statutory references will be to the Penal Code unless otherwise indicated.

[2]  J.H. was a minor at the time of the crimes; hence the suppression of his name.

2

B.   INFORMATION, PLEA, AND SENTENCING

In April 2002, in an information, the Riverside County District Attorney charged defendant with premeditated murder.  (§§ 187, subd. (a) & former 189 [eff. Jan. 2000].) The prosecutor alleged the special circumstance that the murder occurred during a robbery (§ 211), thereby qualifying defendant for life in prison or the death penalty. (§ 190.2, subd. (a)(17)(A).)  The prosecutor further alleged that defendant personally used a firearm (§ 12022.53, subd. (b)), and was the principal in a felony while another principal was armed with a firearm (§ 12022, subd. (a)(1)).

In December 2002, defendant pled guilty to first degree murder (§§ 187, subd. (a) & 189) and the enhancement of personally using a firearm (§ 12022.53, subd. (b)). The stipulated sentence was 10 years plus a consecutive term of 25 years to life.  The trial court sentenced defendant as stipulated by the parties.

C.   PETITION

In December 2019, defendant petitioned to be resentenced.  (§ 1170.95.)  On her form petition, defendant did *not* mark the box next to the line reading, "I did not, with the intent kill, aid, abet, . . . or assist the actual killer in the commission of murder in the first degree."  Additionally, defendant did *not* mark the box next to the line reading, "I was not a major participant in the felony **or** I did not act with reckless indifference to human life during the course of the crime or felony."  (Emphasis in the original.)

D.   FIRST RULING AND APPEAL

The trial court denied defendant's petition, and this court reversed.  This court concluded:  "On appeal, Rogers argues the trial judge erred by accepting the

3

prosecution's representation of the facts at the prima facie stage and by failing to give her the opportunity to brief the issues. The People correctly concede this was error. We therefore reverse and remand for the trial judge to determine whether Rogers is entitled to an evidentiary hearing on her petition by conducting a proper prima facie review, with the benefit of briefing from the parties."

E.     HEARING ON REMAND

On remand, defendant's trial court attorney said, "I don't know why we're here. I don't know why the court of appeal did what they did." The trial court said defendant's petition could be summarily denied because she failed to declare that she lacked the intent to kill. However, the trial court believed that the problem could be fixed, so the petition "would come back." Therefore, the trial court issued an order to show cause and immediately held the evidentiary hearing. The prosecutor immediately submitted on his written opposition, which argued defendant "aided and abetted murder with intent to kill." The reporter's transcript of defendant's preliminary hearing was attached to the prosecutor's opposition. Defendant's trial counsel said he had read the prosecutor's opposition and immediately submitted without presenting an argument.

The trial court found there was "overwhelming evidence, of proof beyond a reasonable doubt that [defendant] harbored the specific intent to kill." The trial court noted that defendant was "the one who sliced the throat of the victim," and denied defendant's petition for resentencing.

4

## DISCUSSION

### A. ACTUAL KILLER

Defendant contends the trial court and prosecutor erred by labeling defendant as the actual killer. The trial court said, "I find that there is a great argument where she's an actual—she may not have been the one who finally issued the thing that caused the victim to stop breathing, but she slashed his throat, and that was indeed a life-threatening injury. So there's an argument that she is a cause of the person's death."

After that statement, the trial court went on to find that defendant was a major participant in the murder and that she acted with the intent to kill. In order to be granted relief under section 1172.6, defendant needed to show she "could not presently be convicted of murder." (§ 1172.6, subd. (a)(3).) Express malice murder, i.e., a killing with manifest intent to kill (§ 188, subd. (a)), was not removed from the Penal Code. Because the trial court found defendant aided and abetted with the intent to kill she does not qualify for relief under section 1172.6. Therefore, any error in the comments about defendant theoretically qualifying as an actual killer is harmless.

### B. DEFENDANT'S PRESENCE

Defendant contends the trial court erred by holding the evidentiary hearing without her being present or waiving her presence. Defendant had a right to be present at the evidentiary hearing on her petition. (*People v. Basler* (2022) 80 Cal.App.5th 46, 58.) Defendant did not attend the hearing, and there is no record of defendant waiving her presence. Accordingly, we conclude the trial court erred.

5

"If a [defendant] was not present at [an evidentiary] hearing, the reviewing court must determine 'whether his [or her] absence was harmless beyond a reasonable doubt.' " (*People v. Quan* (2023) 96 Cal.App.5th 524, 536.)  Defendant asserts the error is prejudicial because if she were present then she could have corrected the prosecutor's misstatement that defendant killed the victim.  The trial court knew that defendant did not fire the shot that killed the victim.  The trial court said, "[S]he may have not been the one who finally issued the thing that caused the victim to stop breathing, but she slashed his throat, and that was indeed a life-threatening injury."  Thus, defendant's presence would not have impacted the trial court's correct understanding that Brown—not defendant—fired the fatal shot.

Defendant contends the error is prejudicial because if she were present then she could have testified that she lacked the intent to kill, hence her infliction of non-fatal wounds.  Defendant slashed the victim's throat from "ear to ear," pointed a shotgun at the victim, and pulled the trigger.  In light of those facts, if defendant testified that she only intended to assault the victim, those self-serving statements would not have caused the petition to be granted.  No reasonable finder of fact would have found that defendant lacked the intent to kill.

Defendant asserts that if she were present, then she could have testified about Brown's mental control over her.[3]  Section 1172.6 provides relief for people who could not be convicted of murder due to changes in the law related to felony murder and the

---

[3] At the time, Brown was engaging in sexual activity with J.H., who was a minor and male.

6

natural and probable consequences doctrine.  (§ 1172.6, subd. (a).)  It is not a means to seek relief for a defense of mental duress.  Therefore, such testimony would have been irrelevant.

Defendant asserts the evidence of her mental state would have been relevant to her status as an aider and abettor.  Defendant was charged with premeditated murder.  "[D]uress cannot, as a matter of law, negate the intent, malice or premeditation elements of a first degree murder," therefore duress cannot "negate the requisite intent for one charged with aiding and abetting a first degree murder."  (*People v. Vieira* (2005) 35 Cal.4th 264, 290.)

In sum, the error of defendant not being present is harmless beyond a reasonable doubt.  (See *Chapman v. California* (1967) 386 U.S. 18, 24 [harmless error standard].)

C.      POLICE REPORTS

1.      *PROCEDURAL HISTORY*

The trial court judge was familiar with the facts of the case because he resentenced defendant's codefendant, J.H., on remand from his appeal.  During defendant's hearing, the trial judge said that, when preparing for J.H.'s resentencing, the judge had read "a lot of the police reports."

2.      *ANALYSIS*

Defendant contends the police reports utilized in J.H.'s resentencing hearing should have been excluded from defendant's hearing.  Defendant asserts we should not find the issue forfeited because that finding will lead to an argument of ineffective assistance of counsel.

7

For the sake of judicial efficiency, we will assume there was error and move to the issue of prejudice. There is nothing indicating that the trial court's understanding of the facts was incorrect: Defendant slashed the victim's throat, pointed a shotgun at the victim, pulled the trigger, and the shotgun did not fire. The facts are confirmed by the preliminary hearing transcript. (*People v. Pickett* (2023) 93 Cal.App.5th 982, 988 ["In cases where the conviction resulted from a guilty plea rather than a trial, the record of conviction may include the transcript of the defendant's preliminary hearing testimony when the transcript 'reliably reflect[s] the facts of the offense for which the defendant was convicted' "].) Therefore, any error in the trial court having read the police reports was harmless.

D.   KNIFE USE

Defendant contends the trial court erred by relying on evidence concerning defendant slashing the victim's throat because the enhancement allegation of personal use of a knife was dismissed as part of defendant's plea agreement. Defendant is mistaken. The knife enhancement was alleged in the complaint, and the trial court held defendant to answer on all charges, but the knife enhancement was not alleged in the information. Therefore, there was no knife-use enhancement to be dismissed following defendant's plea.

Nevertheless, if defendant were correct about a knife enhancement being dismissed as part of her plea agreement, we would reject her contention to the extent she is asking us to review the trial court's reasoning. (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12 [" 'we review the ruling, not the court's reasoning' "].) To the extent

8

she is asserting the trial court relied on improper evidence, that objection was not preserved in the lower court.  By submitting on the basis of the preliminary hearing transcript, defendant forfeited her evidentiary objection.  (Evid. Code, § 353, subd. (a); *People v. Partida* (2005) 37 Cal.4th 428, 433-434.)

However, if the issue were preserved and if we were to conclude the evidence should have been excluded, then the error was harmless because the intent to kill is also supported by defendant pointing a shotgun at the victim and pulling the trigger.  If the knife evidence were excluded, then the order denying defendant's petition would not change due to defendant aiding and abetting the murder with the intent to kill.  (See *People v. Clark* (2021) 62 Cal.App.5th 939, 968 [evidentiary error is reviewed under the standard requiring defendant to " ' "show it is reasonably probable a more favorable result would have been obtained absent the error" ' "].)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
_____
Acting P. J.

We concur:


FIELDS
_____
J.


MENETREZ
_____
J.

9